UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BENJAMIN BRAAM, et. al.,

        Plaintiffs,

   v.

KEVIN CARR,

        Defendant.

Case No. 19-cv-0396-bhl

## ORDER

      This case, originally filed in March of 2019, concerns the constitutionality of Wis. Stat. Section 301.48, which requires lifetime GPS monitoring of people convicted of certain sex offenses. (ECF No. 5 at 1.) Plaintiffs are Wisconsin residents subject to the lifetime GPS monitoring requirement. Their initial complaint raised four constitutional claims and requested a preliminary injunction prohibiting Defendant from subjecting individuals who were no longer under criminal justice supervision to GPS monitoring. (ECF Nos. 5 & 7.) Defendant moved to dismiss most of the claims and opposed the injunction. (ECF Nos. 14 & 17.) On December 17, 2019, the Court dismissed Counts III and IV, as well as the majority of Count II of the Amended Complaint and denied the motion for a preliminary injunction. (ECF No. 32.) Plaintiffs subsequently filed an interlocutory appeal, challenging the Court's denial of the preliminary injunction. (ECF No. 33.) On June 21, 2022, the Seventh Circuit issued an opinion affirming this Court's decision. (ECF No. 39.) It held that, in light of prior caselaw, Plaintiffs were unlikely to succeed on the merits:

> "The only difference between [this case and *Belleau v. Wall*, 811 F.3d 929 (7th Cir. 2016)] is that *Belleau* concerned the subsection of [Wis. Stat. Section 301.48] that imposes the monitoring requirement of sex offenders who have been discharged from civil commitment, whereas this case concerns the provision imposing the monitoring requirement on repeat sex offenders. That difference is immaterial. Wisconsin has the same strong interest in monitoring both groups of sex offenders. And both groups have the same diminished privacy expectations."

(*Id.* at 9-10.)

Because the Seventh Circuit's decision directly implicates the merits of Plaintiffs' remaining claims, the Court will request supplemental briefing as to the viability of those claims to determine if this case is ripe for judgment on the pleadings.

Accordingly,

**IT IS HEREBY ORDERED** that, on or before **November 14, 2022**, Defendant must file an opening brief explaining if and why any of Plaintiffs' remaining claims are viable in light of the Seventh Circuit's decision. Plaintiffs will have **14 days** from the date on which that brief is filed to respond. Defendant will then have **7 days** to file an optional reply brief.

**IT IS FURTHER ORDERED** that the status conference set for October 14, 2022 at 10:15 a.m. is **CANCELLED**.

Dated at Milwaukee, Wisconsin on October 12, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
