ALTON ANTRIM,

                Plaintiff,

    v.                                               Case No. 19-cv-0396-bhl

KEVIN CARR,

                Defendant.

# ORDER

      Plaintiff Alton Antrim is a convicted sex offender. He filed this case along with other (now-dismissed) plaintiffs[1] to challenge Wisconsin statutes requiring certain convicted sex offenders to wear GPS tracking devices. Currently before the Court is Antrim's motion to certify a class of individuals subject to lifetime GPS tracking pursuant to Wis. Stat. § 301.48. He seeks to represent a single proposed class encompassing two different groups that are subject to wearing GPS tracking ankle bracelets: (1) persons who have been convicted of sexual offenses on two or more occasions; and (2) persons convicted of a "serious child sex offense." Because Antrim has satisfied the requirements for class certification as to the first group, but not the second, his motion will be granted in part and denied in part.

## BACKGROUND

      Alton Antrim is a 63-year-old resident of Bristol, Wisconsin. (ECF No. 5 ¶7.) He was twice convicted of first-degree sexual assault of a child, first on November 1, 1990, then again on March 3, 1999. (*Id.*; ECF No. 54-1 at 1.) He successfully completed his period of community supervision in October 2018 and is no longer under any kind of criminal supervision. (ECF No. 5

---

[1] The Amended Complaint names eight plaintiffs but only Antrim's claims remain. Andrew Christensen, William Person, Elizabeth Dillett, Guy Giese, and Brian Clapper all exited the case after this Court's ruling on Defendant Kevin Carr's Motion to Dismiss. (ECF No. 32.) Two other plaintiffs, Benjamin Braam and Daniel Olszewski, are no longer subject to lifetime GPS monitoring following the Wisconsin Supreme Court's decision in *State v. Rector*, 990 N.W.2d 213 (Wis. 2023) and their claims have been dismissed.

¶7.) Despite completing his sentence, he remains subject to lifetime GPS monitoring via ankle monitor under Wis. Stat. § 301.48. (*Id.*)

## LEGAL STANDARD

"Class certification is governed by Federal Rule of Civil Procedure 23." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). To satisfy Rule 23, the party seeking certification must initially demonstrate, by a preponderance of the evidence, that:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a)(1)–(4); *see Chi. Tchrs. Union, Loc. No. 1 v. Bd. of Educ. of Chi.*, 797 F.3d 426, 433 (7th Cir. 2015). The movant must then satisfy one of the three requirements found in Rule 23(b). *See Dukes*, 564 U.S. at 345. In this case, Plaintiff invokes Rule 23(b)(2), which requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

## ANALYSIS

Antrim seeks to represent a single proposed class that includes all persons subject to lifetime GPS monitoring because they have been convicted of: (1) sexual offenses on two or more separate occasions; or (2) a serious child sex offense. *See* Wis. Stat. § 301.48(2)(a)(1)–(3m), (7); Wis. Stat. § 301.46(2m)(am). Defendant Kevin Carr opposes Antrim's motion on two grounds. He first argues that Antrim has failed to establish that his claims and defenses are typical of those of the would-be class members. Carr also insists that Antrim has not demonstrated that the class is so numerous that joinder is impracticable. The Court agrees with Carr, in part. With respect to the typicality question, Carr is correct that Antrim has not established that his claims and defenses are typical of those putative class members subject to lifetime GPS monitoring because they have been convicted of a serious child sex offense under Wis. Stat. § 301.48(2)(a)(1)–(3m). But he has established typicality with regard to the first group of putative class members. The Court rejects Carr's numerosity objection. Because Antrim has demonstrated that numerosity and the other requirements for class certification are satisfied with respect to the first part of his proposed class, the Court will grant his motion for class certification in part.

## I. Antrim Has Established that His Claims and Defenses are Typical of Only One Part of the Proposed Class.

To meet Rule 23(a)'s typicality requirement, a named plaintiff's claims must arise "from the same event or practice or course of conduct that gives rise to the claims of other class members and [be] based on the same legal theory." *Lacy v. Cook County*, 897 F.3d 847, 866 (7th Cir. 2018) (citation omitted). The requirement exists, in part, to avoid the situation where a named plaintiff spends an inordinate amount of time and resources chasing red herrings that affect only him personally. *See id.*; *Koos v. First Nat'l Bank of Peoria*, 496 F.2d 1162, 1164 (7th Cir. 1974) ("Where it is predictable that a major focus of the litigation will be on an arguable defense unique to the named plaintiff or a small subclass, then the named plaintiff is not a proper class representative.").

Antrim seeks to certify a class of sex offenders who are subject to lifetime GPS surveillance under two different statutory provisions. One part of the proposed class consists of persons subject to monitoring because they have been convicted of certain sex offenses on two or more occasions under Wis. Stat. § 301.48(2)(a)(7), Wis. Stat. § 301.46(2m)(am) and *State v. Rector*, 990 N.W.2d 213 (Wis. 2023). Antrim also seeks to include persons subject to monitoring because they have been convicted of a "level 1" or "level 2" serious child sex offense under Wis. Stat. § 301.48(2)(a)(1)–(3m), as defined by Section 301.48(1)(cm)–(cn). Antrim argues his claims are typical of putative class members in both groups because he and they are subject to lifetime GPS surveillance after having completed criminal supervision, pursuant to Wis. Stat. § 301.48(2)(a)(1)–(3m) and (7), and such surveillance violates the Fourth Amendment. (ECF No. 52 at 7.)

Carr argues that class certification is inappropriate because Antrim has not established typicality with respect to the *entire* proposed class. (ECF No. 53 at 7.) According to Carr, Antrim is only subject to monitoring for having twice been convicted of a child sex offense, and Wisconsin has never determined that Antrim has been convicted of a serious child sex offense, like those in the second part of his proposed class. (*Id.*) In reply, Antrim insists that he is "subject to GPS monitoring *both* because he has more than one conviction *and* because he has been convicted of a 'serious child sex offense.'" (ECF No. 54 at 7) (emphasis in original).

The record confirms that Carr is correct. Antrim's claims put him within the first part of his proposed class but not the second. More than two decades ago, Antrim was twice convicted of first-degree sexual assault of a child in violation of Wis. Stat. § 948.02(1). (ECF No. 54-1 at

1.) Because of these two convictions, he is subject to GPS monitoring under Wis. Stat. § 301.48(2)(a)(7). Antrim has not established that he is subject to monitoring on the second ground, however. He offers no proof that Wisconsin is imposing any monitoring requirement on him based on his having been convicted of a level 1 or level 2 child sex offense as defined by Section 301.48. While he argues that his convictions might put him in this category too, there is nothing in the record showing that the state is imposing a GPS tracking requirement on him on this ground. As Carr points out, convictions under Section 948.02(1) may qualify as a level 1 or level 2 sex offense under Section 301.48, but the definition of both explicitly requires that the victim be "an individual who is not a relative of the actor." Wis. Stat. § 301.48(1)(cm)–(cn). A conviction under Section 948.02(1) has no such requirement and the record does not establish whether Antrim was related to his victims. Accordingly, Antrim has not established that he *could* be subject to surveillance under Wis. Stat. § 301.48(2)(a)(1)–(3m), let alone that he *is*.

Because Antrim has failed to demonstrate that he belongs to (or even qualifies to be included in) the second group of putative class members, he has not shown that his claims and defenses are typical of that group. Antrim's lifetime monitoring is thus due to qualifying conditions that are both factually and legally distinct from the second group. This is particularly problematic in the Fourth Amendment context, where "reasonableness" is key. *See Riley v. California*, 573 U.S. 373, 381–82 (2014) ("[T]he ultimate touchstone of the Fourth Amendment is 'reasonableness.'") (quoting *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006)). What may be reasonable with regard to one group is not necessarily reasonable as to the other. The differences between Antrim's situation and those in the second part of the class could be important. Because Antrim's claims do not "have the same essential characteristics as the claims of the class at large," his claims are not typical of the entire class he proposes to represent within the meaning of Rule 23(a)(3). *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006) (quoting *Retired Chi. Police Ass'n v. City of Chicago*, 7 F.3d 584, 597 (7th Cir. 1993)).

The Court will therefore limit Antrim's proposed class to those persons, like him, who are subject to lifetime GPS surveillance after completing criminal supervision, pursuant to Wis. Stat. § 301.48(2)(a)(7), resulting from conviction of sex offenses on two or more occasions. Because, as set forth below, he has satisfied Rule 23's requirements as to that portion of his proposed class, the Court will certify that portion for class treatment.

## II. Antrim Has Satisfied Rule 23(a)'s Numerosity Requirement.

Federal Rule of Civil Procedure 23(a) requires a class "so numerous that joinder of all members is impracticable." There is no precise numerical threshold at which this requirement is automatically met. *See Anderson v. Weinert Enters., Inc.*, 986 F.3d 773, 778 (7th Cir. 2021). While "a forty-member class is often regarded as sufficient to meet the numerosity requirement," *Orr v. Shicker*, 953 F.3d 490, 498 (7th Cir. 2020), 40 is not a magic number; courts have certified classes of fewer than 40 members and denied certification of larger classes. *See Anderson*, 986 F.3d at 778 (noting that "a putative class over 40 is not inevitably endowed with numerosity status"); *Rosario v. Cook County*, 101 F.R.D. 659, 661-62 (N.D. Ill. 1983) (finding numerosity satisfied despite the class containing only 20 present members). The key question is practicability of joinder, not sheer volume. *See Anderson*, 986 F.3d at 777.

Carr's contention that Antrim has failed to demonstrate numerosity was predicated on Antrim's inability to determine the class size with specificity. (*See* ECF No. 53 at 3–6.) That issue has now been resolved. Pursuant to this Court's prior order, (ECF No. 58), the parties' filed a joint status report on November 28, 2023, indicating that "514 persons are subject to lifetime GPS monitoring because they have been convicted of a sexual offense on two or more occasions (Wis. Stat. 301.48(2)(a)(7))." (ECF No. 59 at 2.) That is more than sufficient to render joinder of all members impracticable. And joinder is particularly impracticable when the suit implicates the interests of *future* class members. *See Rosario*, 101 F.R.D. 659 at 661. "Regardless of their number, the joinder of future [Wisconsinites subject to lifetime GPS monitoring under Wis. Stat. § 301.48(2)(a)(7)] is inherently impracticable." *Id.* Wisconsin has not indicated any intention to cease its lifetime GPS monitoring program. Thus, unlike a typical consumer class action, where the relief sought contemplates only past harms inflicted, the equitable relief Antrim requests implicates not only those with live claims but those who will develop such claims in the future. *See id.* at 661–62. While the class satisfies numerosity in its current form, the prospective nature of any relief solidifies that Antrim has met his burden.

## III. Antrim Also Satisfies Rule 23's Other Requirements.

Though Carr challenges only numerosity and typicality, that does not relieve the Court of its obligation to "rigorously analyze whether the plaintiff satisfies [Rule 23's] requirements." *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1025 (7th Cir. 2018). The Court must, therefore,

independently verify that Antrim meets the commonality and adequacy requirements and also satisfies one of the three requirements found in Rule 23(b).

To show commonality, a plaintiff must demonstrate that the class members' claims "depend upon a common contention" that is "of such a nature that it is capable of classwide resolution." *Dukes*, 564 U.S. at 350. An injunctive, constitutional challenge to a statute is perhaps the quintessential example of such a claim. *See Barnes v. Jeffreys*, No. 20 C 2137, 2020 WL 8093500, at *1 (N.D. Ill. July 1, 2020) ("The class seeks a common determination—whether they are being subjected to an unconstitutional statute."); *Ind. C.L. Union Found., Inc. v. Superintendent, Ind. State Police*, 336 F.R.D. 165, 174 (S.D. Ind. 2020) ("[M]embers of the putative class all raise the same legal issue: whether the statute violates the First Amendment."); *Washington v. Marion Cnty. Prosecutor*, 264 F. Supp. 3d 957, 965 (S.D. Ind. 2017) (holding that the class members shared "a common question of law, which is whether the challenged forfeiture statute is unconstitutional"). The core question in the instant case is whether Wisconsin's lifetime GPS monitoring statute violates the Fourth Amendment. All remaining class members argue that it does, and all seek an injunction prohibiting further enforcement. That is a common question apt for resolution on a class-wide basis.

Rule 23(a)(4) requires that the named plaintiff "will fairly and adequately protect the interests of the class." "This adequate representation inquiry consists of two parts: (1) the adequacy of the named plaintiffs as representatives of the proposed class's myriad members, with their differing and separate interests, and (2) the adequacy of the proposed class counsel." *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011). Under the first part of this analysis, the question is whether the named plaintiff has some interest adverse to the class at large. *See Santiago v. City of Chicago*, 19 F.4th 1010, 1018 (7th Cir. 2021). As already discussed under the typicality rubric, Antrim possesses no such adverse interest to the remaining class members. The second part of the adequacy inquiry concerns the competence of proposed class counsel. *See Gomez*, 649 F.3d at 592. Antrim is represented by Mark G. Weinberg and Adele D. Nicholas, whose past work demonstrates a commitment to defending the constitutional rights of persons with past sex offense convictions. (ECF No. 52 at 8–9.) And counsel have previously won injunctions similar to the one they seek here. *See Murphy v. Raoul*, 380 F. Supp. 3d 731 (N.D. Ill. 2019). For those reasons, they meet the adequacy requirement.

Rule 23(b)(2) permits certification if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." This rule "is devoted primarily to civil rights class actions which allege violations of constitutional rights." *All. to End Repression v. Rochford*, 565 F.2d 975, 979 n.9 (7th Cir. 1977). Antrim's proposed class action fits the bill because it seeks "classwide structural relief that would clearly redound equally to the benefit of each class member." *Marcera v. Chinlund*, 595 F.2d 1231, 1240 (2d Cir. 1979), *vacated on other grounds by Lombard v. Marcera,* 442 U.S. 915 (1979).

Because the putative class action in this case meets all four requirements of Rule 23(a), as well as the requirements of Rule 23(b)(2), the Court will grant the motion to certify as to the remaining class members.

### IV. The Court Will Appoint Plaintiff's Counsel as Class Counsel.

Under Rule 23(g), "[u]nless a statute provides otherwise, a court that certifies a class must appoint class counsel." "In appointing class counsel, the court must consider" four factors: (1) "the work counsel has done in identifying or investigating potential claims in the action;" (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;" (3) "counsel's knowledge of the applicable law; and" (4) "the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv).

Here, all four factors weigh in favor of appointing Antrim's counsel as class counsel. Counsel have litigated this case since 2019 and continue to diligently pursue relief. (ECF No. 52 at 11.) As previously mentioned, counsel also have experience driving class actions of this exact nature. (*Id.*) Finally, counsel have committed substantial resources to this case, and there is no indication that they will cease to do so. (*Id.* at 11–12.) Accordingly, the Court will appoint Mark G. Weinberg and Adele D. Nicholas as class counsel.

### CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Certify Class, (ECF No. 52), is **GRANTED** in part and **DENIED** in part. The Court certifies a class of those individuals subject to lifetime GPS monitoring because they have been convicted of sexual offenses on two or more separate occasions, under Wis. Stat. § 301.48(2)(a)(7).

**IT IS FURTHER ORDERED** that attorneys Mark G. Weinberg and Adele D. Nicholas are appointed class counsel, pursuant to Fed. R. Civ. P. 23(g).

Dated at Milwaukee, Wisconsin on December 13, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
